UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | |
|---|---|
| **SYDNEY BRUCKS,** | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 5:16-cv-921 |
| | ) Jury Demand |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) Electronically Filed |
| Defendant. | ) |

## NOTICE OF REMOVAL

The Defendant, The Lincoln National Life Insurance Company, pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully submits this Notice of Removal for the purpose of removing the above-captioned action from the District Court for Guadalupe County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Lincoln National states as follows:

1. On or about August 15, 2016, Plaintiff Sydney Brucks filed an original Complaint against The Lincoln National Life Insurance Company in the above-captioned action in the District Court for Guadalupe County, Texas, Case No. 16-1812-CV.

2. Lincoln National was served with a copy of the Complaint and Summons through service on Lincoln National's registered agent for service of process in the State of Texas, Corporation Service Company, on August 31, 2016, a date less than 30 days before the filing of this Notice of Removal.

3. This action is of a civil nature wherein Plaintiff seeks the recovery of certain long term disability benefits that she claims are due under the terms of an employee welfare benefit plan (the "Plan") sponsored by Adventist Health System Sunbelt Healthcare Corp. Plaintiff's

former employer, Central Texas Medical Center, is a participating employer in the Plan. Declaration of Thomas J. Vargo, ¶ 4, (hereinafter "Vargo Decl., ¶ __").[1]

4. Long term disability benefits under the Plan are funded by group long term disability insurance policy no. 000400003002-00784 (the "LTD Policy") issued by Lincoln National to The Commerce Trust Company as Trustee for The Lincoln National Life Insurance Company Voluntary Insurance Trust.  Plaintiff's former employer, Central Texas Medical Center, was a participating employer in the LTD Policy.  Vargo Decl., ¶ 6 and LTD Policy, Exhibit 1

5. Plaintiff Sydney Brucks was employed by Central Texas Medical Center and was a participant in the Plan.  Vargo Decl., ¶ 5.

6. This action is of a civil nature wherein the Plaintiff seeks the recovery of certain long term disability insurance benefits that she claims are due and owing under the terms of the Plan and the LTD Policy.  *See generally*, Complaint.  As such, the Plaintiffs' claims arise under the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because her claims seek the recovery of long term disability insurance benefits that she alleges are due under the Plan, an employee welfare benefit plan governed by ERISA, and the LTD Policy.  Such claims fall within the scope of 29 U.S.C. § 1132(a)(1)(B), Section 502(a)(1)(B) of ERISA.  *See generally*, Complaint.

---

[1] Lincoln National has filed the Declaration of Thomas J. Vargo contemporaneously with and in support of this Notice of Removal.

8. Plaintiff also asserts claims for breach of contract under Texas common law based on Lincoln National's alleged improper processing and administration of her claim for long term disability benefits under the LTD Policy, breach of the common law duty of good faith and fair dealing, fraud and for violation of the Texas Deceptive Trade Practices Act and Texas Insurance Code.  In addition to the recovery of the value of the long term disability benefits that she claims are due under the Plan and the LTD Policy, the Plaintiff seeks the recovery of compensatory damages, treble damages, exemplary damages, attorneys' fees and interest premised upon Lincoln National's alleged failure to pay the Plaintiff certain disability benefits that she claims are due under the terms of the Plan and the LTD Policy.  *See generally*, Complaint.

9. To the extent Plaintiff asserts any claims under state common or statutory law, such claims attempt to provide an alternative means of recovering benefits due under an ERISA-governed welfare benefit plan and, therefore, they are completely preempted by ERISA.  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

10. ERISA preempts all claims premised upon state law asserted against Lincoln National and Lincoln National Corporation by the Plaintiff in his Complaint and provides the exclusive federal remedies for resolution of benefit claims by employee benefit plan participants and beneficiaries.  29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Day v. Lockheed Martin Corp.*, Case No. 10-30674, 2011 WL 2203081, at **2 (5th Cir. June 7, 2011).  A cause of action filed in state court that is preempted by ERISA and that falls within the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court pursuant to 28 U.S.C. § 1141(b) as an action arising under federal law, even though the ERISA nature of the claim does not appear

8. Plaintiff also asserts claims for breach of contract under Texas common law based on Lincoln National's alleged improper processing and administration of her claim for long term disability benefits under the LTD Policy, breach of the common law duty of good faith and fair dealing, fraud and for violation of the Texas Deceptive Trade Practices Act and Texas Insurance Code.  In addition to the recovery of the value of the long term disability benefits that she claims are due under the Plan and the LTD Policy, the Plaintiff seeks the recovery of compensatory damages, treble damages, exemplary damages, attorneys' fees and interest premised upon Lincoln National's alleged failure to pay the Plaintiff certain disability benefits that she claims are due under the terms of the Plan and the LTD Policy.  *See generally*, Complaint.

9. To the extent Plaintiff asserts any claims under state common or statutory law, such claims attempt to provide an alternative means of recovering benefits due under an ERISA-governed welfare benefit plan and, therefore, they are completely preempted by ERISA.  *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.").

10. ERISA preempts all claims premised upon state law asserted against Lincoln National and Lincoln National Corporation by the Plaintiff in his Complaint and provides the exclusive federal remedies for resolution of benefit claims by employee benefit plan participants and beneficiaries.  29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Day v. Lockheed Martin Corp.*, Case No. 10-30674, 2011 WL 2203081, at **2 (5th Cir. June 7, 2011).  A cause of action filed in state court that is preempted by ERISA and that falls within the scope of 29 U.S.C. § 1132(a)(1) is removable to federal court pursuant to 28 U.S.C. § 1141(b) as an action arising under federal law, even though the ERISA nature of the claim does not appear

on the face of the Complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Day*, 2011 WL 2203081, at **2.

11. As a civil action founded on a claim or right under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a), (b) and (c). *See generally*, Amended Complaint.

12. Removal also is proper because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). First, the parties are citizens of different states. Specifically, the Defendant, Lincoln National is organized and existing pursuant to the laws of the State of Indiana with a principal place of business located at Radnor, Pennsylvania. 28 U.S.C. § 1132(c)(1). Vargo Decl., ¶ 2. Plaintiff is a citizen and resident of Guadalupe County, Texas. Complaint, ¶ 4; 28 U.S.C. § 1332(c)(2). Complaint, ¶ 4. Therefore, there is complete diversity among the parties.

13. Second, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Although Plaintiff has not alleged a specific amount of damages, she alleges that Lincoln National's misconduct entitles her to, *inter alia*, damages including benefits under the LTD Policy, statutory additional damages, treble damages, attorneys' fees and costs incurred in prosecuting the lawsuit. *See* Complaint, ¶¶ 98, 102-04.

14. Where a plaintiff's state court petition does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in order to establish jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). In determining the amount in controversy, the district court considers items for which the defendant can be liable under state law, including, contractual damages, attorneys' fees, penalties, statutory damages and punitive

damages.  *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *accord Wofford v. Allstate Ins. Co.*, No. Civ. A. 304CV2699-M, 2005 WL 755761 at *2 (N.D. Tex. Apr. 4, 2005) (citations omitted).

15.     In the present case, Plaintiff's potential recovery far exceeds the jurisdictional minimum.  First, the Plaintiff alleges that she is entitled to recover:

> the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

Complaint, ¶ 98.  Second, the Plaintiff requests an award of "actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit and expenses incurred…"  Complaint, Prayer, ¶ 105.

16.     The Plaintiff alleges that she became "Totally Disabled," as defined in the LTD Policy on or about January 20, 2014.  Complaint, ¶ 12.  The Maximum Benefit Period under the LTD Policy for a disability that begins prior to the time the claimant is 60 years old is age 65.  Vargo Decl., ¶ 6, Exhibit 1, LTD Policy.

17.     The LTD Policy provides further that long term disability benefits will be paid until the earliest of (i) the date the Plaintiff ceases to be "Totally Disabled," as that term is defined under the LTD Policy, (ii) the Plaintiff dies, or (iii) the date on which the Maximum Benefit Period ends.  Vargo Decl., ¶ 6, Exhibit 1, LTD Policy.

18.     Assuming that the Plaintiff is "Totally Disabled," as that term is defined under the LTD Policy, and Plaintiff otherwise is eligible to receive benefits under the terms and conditions of the LTD Policy, the Plaintiff's monthly disability benefit for the period July 19, 2014 through the Maximum Benefit Period, January 29, 2027 is equal to $2,870.  Assuming that Lincoln National is obligated to pay Plaintiff total disability benefits for the period July 19, 2014 through

January 29, 2027, the Maximum Benefit Period under the LTD Policy, Plaintiff would be entitled to receive approximately $374,105.10 in discounted long term disability benefits. Vargo Decl., ¶ 10.

19. Under the numerous theories alleged by the Plaintiff, the law of the State of Texas would permit a recovery in excess of $75,000, exclusive of interest and costs, if Plaintiff prevails in this action. In light of the allegations made by the Plaintiff, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

20. Copies of all process, pleadings, and orders received by the Defendant, Lincoln National, in this action prior to the filing of this Notice of Removal are attached hereto as Exhibit A and are incorporated herein by this reference.

WHEREFORE, the Defendant, The Lincoln National Life Insurance Company, respectfully submits, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and request that this Court retain jurisdiction over this action.

Dated:  September 16, 2016.

Respectfully submitted,

/s/ John M. Scannapieco
John M. Scannapieco
BAKER DONELSON BEARMAN
    CALDWELL & BERKOWITZ, PC
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
Phone: 615-726-5648
jscannapieco@bakerdonelson.com

*Attorneys for The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or via U.S. first class mail, postage pre-paid, to Marc S. Whitehead, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007 on this 16th day of September, 2016.

                                        /s/ John M. Scannapieco
                                        John M. Scannapieco