*Sydney Brucks v. The Lincoln National Life Ins. Co.*
**United States District Court for the Western District of Texas**

**Notice of Removal**
**Exhibit A – Copies of all Process, Pleadings, and Orders**

Electronically Sen
9/14/2016 3:13:13

25th District Court

# Case Summary
### Case No. 16-1812-CV

**SYDNEY BRUCKS**
vs.
**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

| | |
|---|---|
| Location: | **25th District Court** |
| Judicial Officer: | **William D Old III** |
| Filed on: | **08/15/2016** |
| Other: | |

### Case Information
Case Type: Accounts, Contracts & Notes

Electronically Sen
9/14/2016 3:13:13

Cause No. 16-1812-CV
## CIVIL CITATION



**THE STATE OF TEXAS**

TO:   THE LINCOLN NATIONAL LIFE INSURANCE COMPANY
      REGISTERED AGENT CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET, SUITE 620
      AUSTIN, TX  78701-3218

Defendant, in the hereinafter styled and number cause:
      "You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration
of 20 days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION REQUEST
FOR DISCLOSURE AND JURY DEMAND**, a default judgment may be taken against you." In the
above numbered cause, styled,

SYDNEY BRUCKS VS. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

Said petition filed in the 25th Judicial District Court on the **15TH DAY OF AUGUST 2016**
BY:   MARC WHITEHEAD
      5300 MEMORIAL DRIVE, SUITE 725
      HOUSTON, TX  77007

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF said Court at office, **on this the 17th day of
August, 2016**



DEBRA CROW, District Clerk
GUADALUPE COUNTY JUSTICE CENTER
211 WEST COURT STREET
SEGUIN, TEXAS 78155

BY _____ Deputy

08/17/2016  Put in private process

SHERIFF'S SERVICE FEE NOT
COLLECTED BY DIST. CLERK'S OFFICE

**COPY**

Electronically Sen
9/14/2016 3:13:13

**RETURN OF SERVICE**

**16-1812-CV**                    25TH JUDICIAL DISTRICT COURT OF GUADALUPE COUNTY, TEXAS
**SYDNEY BRUCKS VS. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**
Issued: 8/17/2016

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to Defendant_____, on  the _day of ___
_____, 20_____.

_____Officer

_____, County, Texas

By:_____, Deputy

**ADDRESS FOR SERVICE:**
**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**
**REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TX 78701-3218**

**OFFICER'S RETURN**
Came to hand on the _____day of _____, 20_____, at _____, o'clock _.m., and executed in _____
_____County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date
of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR
DISCLOSURE AND JURY DEMAND** at the following times and places, to-wit:
Name                    Date/Time          Place, Course and Distance from Courthouse

_____        _____    _____

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy $_____

Total            $_____

_____, Officer

_____, County, Texas

By:_____, Deputy

Affiant
**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature
is required to be verified. If the return is signed by a person other than a sheriff, constable of the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:
My name is _____, my date of birth is _____, and my
_____(First, Middle, Last)
address is _____.
_____(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County, State of_____, on the _____day of_____.

_____
Declarant/Authorized Process Server

_____
(Id # & Expiration of Certification)

SHERIFF'S SERVICE FEE NOT
COLLECTED BY DIST. CLERK'S OFFICE


COPY

Electronically Sen
9/14/2016 3:13:13

# MARC WHITEHEAD & ASSOCIATES, L.L.P.
## ATTORNEYS AT LAW

*A National Disability Claims Law Firm*

**Marc Whitehead, Esq.**
*Board Certified*
*Personal Injury Trial Law*
*Texas Board of Legal Specialization*

**Board Certified**
*Social Security Disability Law*
*National Board of Trial Advocacy*

*Accredited Veterans' Claims Attorney*

**5300 Memorial Drive, Suite 725**
**Houston, Texas 77007**

Telephone: (713) 228-8888
Facsimile (713) 225-0940
Toll Free: (800) 562-9830
www.disabilitydenials.com

**Anthony Vessel, Esq.**
*Associate Attorney, Mediator*

**Britney McDonald, Esq.**
*Associate Attorney, Mediator*

**Shane Kadlec, Esq.**
*Of Counsel*
*Board Certified*
*Personal Injury Trial Law*
*Texas Board of Legal Specialization*

**FILED**
11:30 A M
AUG 2 2 2016

**DEBRA CROW**
Clerk, Dist. Court, Guadalupe Co. Tx.

August 19, 2016

Guadalupe County District Clerk
211 W. Court Street, Suite 209
Seguin, Texas 78155

Re:   16-1812-CV; Brucks vs. The Lincoln National Life Insurance Company; In the District Court, Guadalupe County, Texas

Dear Ms. Crow:

Attached is a self-addressed, stamped envelope.  Please mail the citations in the above referenced matter to our office for service.

If you have any questions, please let me know.

Thank you,

Melanie Donaldson

*8-22-16 mailed Citations in SASE*

Electronically Sen
9/14/2016 3:13:13 I
Electronically Filed
8/15/2016 7:10:19 PM
Debra Crow
Guadalupe County District Clerk
Kaley Younger, Deputy

No. 16-1812-CV

| | | |
|---|---|---|
| SYDNEY BRUCKS | § | IN THE DISTRICT COURT |
|   Plaintiff, | § | |
| | § | |
| v. | § | 25TH   JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY | § | |
|   Defendant. | § | GUADALUPE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
## REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

     1.    NOW COMES SYDNEY BRUCKS, hereinafter referred to as "Plaintiff", and brings this action against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, hereinafter referred to as "Defendant."

     2.    Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

     3.    Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff. The policy at issue can be identified as Policy Number GL 000400003002-00784 for long term disability and waiver of premium.

Electronically Sen
9/14/2016 3:13:13 I

## I. PARTIES

4.      Plaintiff is a citizen and resident of Guadalupe County, Texas.

5.      Defendant is a properly organized business entity doing business in the State of Texas.  Defendant may be served with process by serving its registered agent, Corporation Service Company, addressed at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

6.      This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.      The disability policy at issue in the case was issued in the State of Texas

## III. THE CLAIM ON THE POLICY

8.      Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 2000.

9.      Plaintiff is a 54 year old woman previously employed as an "On Call/After Hours Registered Nurse".

10.      On Call/After Hours Registered Nurse is classified under the Dictionary of Occupational Titles as Medium with an SVP of 7 and considered to be skilled work.

11.      Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on January 19, 2014, as on this date Plaintiff suffered from extreme weakness and fatigue, an inability to focus, short-term memory loss, decreased concentration, and a rapid

2

Electronically Sen
9/14/2016 3:13:13 |

heartrate.

12.    Plaintiff alleges that she became disabled on January 20, 2014.

13.    Plaintiff filed for short term disability benefits with Defendant.

14    Short term disability benefits were denied.

15.    Plaintiff filed for long term disability and waiver of premium benefits through the plan administered by the Defendant.

16.    Defendant denied Plaintiff's request for long term disability benefits under the Plan.

17.    Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to letters to Plaintiff dated October 30, 2014 and July 14, 2015.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.    At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation".

19.    If granted the plan would pay monthly benefits of $2,870.00.

20.    Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.    Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.    Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

23.    On April 8, 2016, Defendant notified Plaintiff that Defendant affirmed its

3

Electronically Sen
9/14/2016 3:13:13 l

original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

24.    Defendant also notified Plaintiff on April 8, 2016, that Plaintiff had exhausted her administrative remedies.

25.    Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.    Plaintiff has now exhausted her administrative remedies.

### IV. MEDICAL FACTS

27.    Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.    Plaintiff suffers from adrenal insufficiency, hypothyroidism, chronic fatigue, and Epstein-Barr Virus disease (EBV).

29.    Treating physicians document Plaintiff's disabilities and the continued pain that requires ongoing pain management.

30.    Plaintiff's multiple disorders have resulted in restrictions in activity, and have significantly curtailed her ability to engage in any form of exertional activity.

31.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.    Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

33.    Physicians have prescribed Plaintiff with multiple medications, including

4

Electronically Sen
9/14/2016 3:13:13 I

narcotic pain relievers, in an effort to address her multiple symptoms.

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

### V. Defendant's Unfair Claims Handling Practices

40.    On or about October 30, 2014, Defendant's paid consultant, Gary N. Greenwood, M.D., internal medicine and infectious disease medicine, performed a paper review of Plaintiff's claim file.

41.    On or about July 6, 2015, Defendant's paid consultant, Jerome Siegel, M.D., internal and occupational medicine, performed a peer review of Plaintiff's claim file.

Electronically Sen
9/14/2016 3:13:13

42.     Dr. Siegel's report is misleading, biased and result driven in that the doctor failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority such as American College of Physicians.    The report fails to specify the medical standard upon which it relies.  The report is based on faulty or incorrect information

43.     Further, Dr. Siegel failed to consider all the claimant's illnesses.    The doctor failed to consider all the claimant's illnesses in combination.    The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the insurer's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the policy.

44.     On or about February 21, 2016, Defendant's paid consultant, S. Rebecca Gliksman, M.D., internal and occupational medicine, performed a peer review of Plaintiff's claim file.

45.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Gliksman.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

46.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

6

Electronically Sen
9/14/2016 3:13:13 I

47.    Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

48.    Defendant has failed to apply proper definition of disability.

49.    Defendant has failed to consider the side effects of Plaintiff's medication.

50.    Defendant failed to allow Plaintiff an opportunity to respond to new evidence that first appeared in Defendant's final denial letter. Specifically, there is an indication that on or around April 1, 2016, "S. Rebecca Gliksman, M.D." reviewed Plaintiff's claim file for a second time, but Defendant failed to provide Plaintiff with said review.

51.    Defendant's consultants completed their reports without examining Plaintiff.

52.    At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

53.    Defendant's determination was influenced by its conflict of interest.

54.    Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

55.    The LTD plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

56.    A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

57.    More information promotes accurate claims assessment,

Electronically Ser
9/14/2016 3:13:13 I

58.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

59.     Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

60.     Plaintiff repeats and re-alleges paragraphs 1 through 59 of this Petition as if set forth herein.

61.     Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

62.     Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservations of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

63.     In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

64.     Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

65.     Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits

8

Electronically Sen
9/14/2016 3:13:13 I

to Plaintiff.

66.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

67.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

68.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

### VII. SECOND CAUSE OF ACTION:

### Violations of Texas Insurance Code & DTPA

69.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 68 of this Petition as if fully set forth herein.

70.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)     Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the

facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(d) Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e) Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f) Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g) Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed;

10

Electronically Sen
9/14/2016 3:13:13 i

(h)     Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(i)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)    Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's LTD benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)     Defendant failed to consider the side effects of Plaintiff's medications;

(s)     Defendant has wrongfully relied on Dr. Jerome Seigel's opinions as

Electronically Sen
9/14/2016 3:13:13 I

substantial evidence;

(t)    Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)    Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)    Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w)    Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x)    Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

71.    Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

72.    Plaintiff repeats and realleges paragraphs 1 through 71 of this Petition as if set forth herein.

73.    By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore, Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

74.    The Plan contains an implied promise that it would deal fairly and in good

Electronically Sen
9/14/2016 3:13:13 I

faith with Plaintiff and would do nothing to injure, frustrate, or interfere with Plaintiff's rights to receive benefits und the Plan.

75.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)     By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)     By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)     By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations from Plaintiff's treating physician, Dr. Verona, Dr. Harrison and Dr. Pickrell;`

(d)     By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)     By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g)     By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)     By compelling Plaintiff to initiate this action to obtain the benefits to

13

Electronically Sen
9/14/2016 3:13:13 I

which Plaintiff was entitled under the Plan.

76.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional duress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

77.     The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

78.     Defendant's actions directed at Plaintiff are part of a pattern of similar conduct directed at the public generally.

79.     Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

80.     Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

81.     By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

82.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 81 of this Petition as if fully set forth herein.

83.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The

14

Electronically Sen
9/14/2016 3:13:13 I

representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X.  FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

84.    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 83 of this Petition as if fully set forth herein.

85.    Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

86.    Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

87.    Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

88.    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 through 87 of this Petition as if fully set forth herein.

89.    Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

Electronically Sen
9/14/2016 3:13:13

## XII.  CAUSATION

90.    The conduct described in this petition was a producing and proximate cause of damages to Plaintiff.

## XIII.  DECLARATORY RELIEF

91.    Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that she is entitled to declaratory relief due to (DEFENDANT)'s breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

92.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for LTD benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".

93.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## IX.  ATTORNEYS FEES

Electronically Sen
9/14/2016 3:13:13 I

94.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## X.  REQUEST FOR DISCLOSURE

95.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.  JURY DEMAND

96.    In accordance with Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XII. KNOWLEDGE

97.    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XIII. RESULTING LEGAL DAMAGES

98.    Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

17

Electronically Sen
9/14/2016 3:13:13 I

99.    As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

100.    Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

101.    Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

102.    Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

103.    Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## XIV. PRAYER

104.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

105.    Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit

Electronically Sen
9/14/2016 3:13:13

and expenses incurred as a result of Defendant's wrongful denial in providing coverage,

and;

106.   Enter an award for such other relief as may be just and appropriate.

Dated: August 11, 2016

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By:      /s/ Marc Whitehead
Marc S. Whitehead
        Tex. Bar No. 00785238
        Fed. I.D. Bar No. 15465
        marc@marcwhitehead.com
J. Anthony Vessel
        Tex. Bar. No. 24084019
        Fed. I.D. No. 1692384
        anthony@marcwhitehead.com
Britney Anne Heath McDonald
        Tex. Bar. No. 24083158
        Fed. I.D. Bar No. 2621983
        britney@marcwhitehead.com
5300 Memorial Drive, Suite 725
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
SYDNEY BRUCKS

Electronically Sen
Debra Crow     9/14/2016 3:13:13 I
Guadalupe County District Clerk
Kaley Younger, Deputy

8/15/2016 7:10:19

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* 16-1812-CV          COURT *(FOR CLERK USE ONLY):* 25TH

STYLED Sydney Brucks vs The Lincoln National Life Insurance Compan

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Marc Whitehead  Email: marc@marcwhitehead.com | Plaintiff(s)/Petitioner(s): Sydney Brucks | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 5300 Memorial #725  Telephone: 713-228-8888 | | Additional Parties in Child Support Case: |
| City/State/Zip: Houston, Tx 77001  Fax: 713-225-0940 | Defendant(s)/Respondent(s): The Lincoln National Life Insurance Company | Custodial Parent:  Non-Custodial Parent: |
| Signature:  State Bar No: 00785238 | [Attach additional page as necessary to list all parties] | Presumed Father: |

## 2. Indicate case type or identify the most important issue in the case (select only 1):

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract** ☒Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation **Malpractice** ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void **Divorce** ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| **Foreclosure** ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises **Product Liability** ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order | |
| | | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: | |

| Employment | | Other Civil | | |
|---|---|---|---|---|
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |

| Probate & Mental Health | | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | **Probate/Wills/Intestate Administration** ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100,000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Electronically Sen
9/14/2016 3:13:13

# 25th District Court of GUADALUPE County, Texas
101 E. COURT ST. RM 203 SEGUIN TX 78155

## CASE #: 16-1812-CV

**SYDNEY BRUCKS**


*Plaintiff*
**vs**
**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**


*Defendant*

### AFFIDAVIT OF SERVICE

I, FLOYD J BOUDREAUX, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 08/31/16 10:05 am, instructing for same to be delivered upon The Lincoln National
Life Insurance Company By Delivering To Its Registered Agent Corporation Service Company.

That I delivered to      : The Lincoln National Life Insurance Company By Delivering To
                           Its Registered Agent Corporation Service Company. By Delivering
                           to Sue Vertrees, Customer Service

the following            : CIVIL CITATION; PLAINTIFF'S ORIGINAL PETITION REQUEST FOR
                           DISCLOSURE AND JURY DEMAND

at this address          : 211 East 7th Street Suite 620
                           AUSTIN, Travis County, TX 78701

Manner of Delivery       : by PERSONALLY delivering the document(s) to the person
                           above.

Delivered on             : AUG 31, 2016 10:35 am


My name is FLOYD J BOUDREAUX, my date of birth is JAN 10th, 1943, and my address is
Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and
U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, State of Texas, on the ___31___ day of
___AUG___, 20_16_.

FLOYD J BOUDREAUX                                              Declarant
381

Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc          PCP Inv#: Z16800237
103 Vista View Trail Spicewood TX 78669           SO  Inv#: A16804292
(512) 477-3500

AX02A16804292                    + Service Fee:  70.00
                                   Witness Fee:    .00
tomcat                             Mileage Fee:    .00
                                                 Whitehead, Marc
                                                          E-FILE RETURN

Electronically Sen
9/14/2016 3:13:13

Electronically Filed
8/31/2016 12:31:44 PM
Debra Crow
Guadalupe County District Clerk
Kimberly Hernandez, Deputy

Cause No. 16-1812-CV
## CIVIL CITATION

**THE STATE OF TEXAS**

**TO:   THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**
**REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET, SUITE 620**
**AUSTIN, TX  78701-3218**

Defendant, in the hereinafter styled and number cause:
"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND**, a default judgment may be taken against you." In the above numbered cause, styled,

SYDNEY BRUCKS VS. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

Said petition filed in the 25th Judicial District Court on the **15TH DAY OF AUGUST 2016**
BY:   MARC WHITEHEAD
5300 MEMORIAL DRIVE, SUITE 725
HOUSTON, TX  77007

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF said Court at office, **on this the 17th day of August, 2016**



DEBRA CROW, District Clerk
GUADALUPE COUNTY JUSTICE CENTER
211 WEST COURT STREET
SEGUIN, TEXAS 78155

BY _____   Deputy

SHERIFF'S SERVICE FEE NOT
COLLECTED BY DIST. CLERK'S OFFICE

ORIGINAL return to court

## RETURN OF SERVICE

**16-1812-CV**                    25TH JUDICIAL DISTRICT COURT OF GUADALUPE COUNTY, TEXAS
**SYDNEY BRUCKS VS. THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**
Issued: 8/17/2016

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to Defendant_____, on the _day of __
_____, 20_____.

_____ Officer

_____, County, Texas

By:_____, Deputy

ADDRESS FOR SERVICE:
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY
REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218

### OFFICER'S RETURN

Came to hand on the _____day of _____, 20_____, at _____, o'clock _.m., and executed in _____
_____County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date
of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR
DISCLOSURE AND JURY DEMAND** at the following times and places, to-wit:
Name                      Date/Time            Place, Course and Distance from Courthouse

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy $_____

Total          $_____          _____, Officer

_____, County, Texas

By:_____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature
is required to be verified. If the return is signed by a person other than a sheriff, constable of the clerk of the court, the return shall be signed
under penalty of perjury and contain the following statement:
My name is _____, my date of birth is _____, and my
                    (First, Middle, Last)
address is _____.
                    (Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____County, State of_____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & Expiration of Certification)

SHERIFF'S SERVICE FEE NOT
COLLECTED BY DIST. CLERK'S OFFICE          ORIGINAL-return to court